**6**

Alfonso **MARTINEZ**, Plaintiff–
Appellant,

v.

**UNITED STATES of America,**
Defendant–Appellee.

No. 05–2166.

United States Court of Appeals,
Second Circuit.

Nov. 3, 2005.

Alfonso Martinez, Fort Dix, NJ, pro se.

Roslynn R. Mauskopf, United States At-
torney for the Eastern District of New
York, Steven Kim and Laura D. Mantel,
Assistant United States Attorneys, Brook-
lyn, NY, for Appellees.

Present: JAMES L. OAKES,
ROSEMARY S. POOLER, and SONIA
SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

**ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED** that the or-
der of said District Court be and it hereby
is **AFFIRMED.**

Alfonso Martinez appeals an order of
the district court dismissing as time
barred his complaint insofar as it sought
the return of thirty-nine vehicles forfeited
in or before May 1992 by the Drug En-
forcement Agency and the return of an
additional vehicle forfeited in March 1993,
and for lack of subject matter jurisdiction,
insofar as it sought money damages. We
assume the parties' familiarity with the
facts, procedural history, and specification
of issues on appeal, and hold as follows.

The district court correctly held that it
lacked subject matter jurisdiction over the
request for money damages as the govern-
ment is immune from any such claim. *See
Adeleke v. United States,* 355 F.3d 144, 151
(2d Cir.2004).

In addition, the district court correctly
held that Martinez's motion for the return
of his cars, filed in December 2003, was
time barred. *See Polanco v. DEA,* 158
F.3d 647, 654 (2d Cir.1998) (holding that a
claim for the return of forfeited property
must be brought within six years of accru-
al of the claim, which occurs either at the
close of the forfeiture proceedings or, if no
forfeiture proceedings are conducted, at
the end of the five-year period during
which the government is allowed to seek
forfeiture); 19 U.S.C. § 1621 (1993) (cus-
toms statute providing a five-year limita-
tion period from the time of discovery of a
violation for bringing a forfeiture action);
21 U.S.C. § 881(d) (providing that provi-
sions of the customs law concerning forfei-
ture, insofar as they are not inconsistent
with Chapter 13 of Title 21 (Drug Abuse
Prevention and Control), govern forfei-
tures under 21 U.S.C. § 881). Because
Martinez was arrested on November 25,
1991, the government could not have
brought a forfeiture action after November
25, 1996, and the time to contest the forfei-
ture of the vehicles ended on November
25, 2002. Thus, plaintiff's complaint was
untimely. Moreover, he did not exercise
the reasonable diligence required for equi-

table tolling. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996).

We therefore affirm the district court's order.